IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DEVELOPERS SURETY AND          )
INDEMNITY COMPANY,             )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )       2:09cv757-MHT
                               )          (WO)
OLD TOWNE STATION, LLC,        )
et al.,                        )
                               )
     Defendants.               )
```

OPINION AND ORDER

This litigation is again before the court, this time on plaintiff Developers Surety and Indemnity Company's motion for attorneys' fees, expenses, costs, and prejudgment interest.  For the reasons that follow, the motion will be granted.

On June 11, 2010, as provided in the general indemnity agreement underlying this case, the court entered judgment against defendants Irma and Scott Brandt, awarding Developers Surety the full amount of its principal damages, $ 184,150.60; granting Developers

Surety pre-judgment interest, attorneys' fees and expenses; and ordering that costs be taxed against the Brandts. Developers Sur. and Indem. Co. v. Old Towne Station, LLC, 2010 WL 2367491 (M.D. Ala. 2010). In accordance with the agreement and the court's judgment, Developers Surety now requests $ 66,945.15 in attorneys' fees, expenses, and costs as well as $ 8,929.65 in pre-judgment interest.

Turning first to the matter of attorneys' fees, the court is required to determine the "lodestar" figure or "the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community." Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1161 (M.D. Ala. 2007) (Thompson, J.) (citing Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1162 (quoting Norman,

2

836 F.2d at 1303).   In determining the lodestar, the court applies the 12-factor test set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated on other grounds, <u>see</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989)),[1] and then proceeds to analyze "whether any portion of this fee should be adjusted upwards or downwards." <u>Simpleville Music</u>, 511 F. Supp. 2d at 1161 (citing <u>Johnson</u>, 488 F.2d at 717-19).[2]

---

1. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. These 12 <u>Johnson</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 717-19.

Developers Surety has submitted its records detailing the total hours expended in connection with bringing and maintaining the lawsuit as well as the hourly rates charged by each participating attorney.  The billing records reveal that the lawyers incurred $ 58,713.36 over the course of the suit, from its initial filing until the court issued judgment.  Counsel also state that they reasonably expect to expend an additional nine hours and $ 1,755.00 "in connection with obtaining a Final Judgment awarding Developers its attorneys' fees, costs, and expenses," for a total attorneys' fee request of $ 60,468.36.  Pl.'s Ex. at 4 (Doc. No. 51-3).  In consideration of the billing records as well as counsel's supporting affidavits, the court finds this figure to be reasonable and in line with the work "performed by similarly situated attorneys in the community." Simpleville, 511 F. Supp. 2d at 1161; see also Johnson, 488 F.2d at 718. Furthermore, again applying the Johnson factors, the court does not find that an upward or

4

downward adjustment appropriate in this case. The requested fee award will be granted.

Developers Surety also seeks expenses and costs, incurred from this litigation, in the amount of $ 6,476.79. "With the exception of overhead-office expenses normally absorbed by the attorney, all reasonable expenses incurred in case preparation, during the course of litigation or as an aspect of settlement of the case, may be taxed as costs; the standard of reasonableness is to be given a liberal interpretation." Simpleville, 511 F. Supp. 2d at 1165 (citations omitted). Upon review of counsel's expense reports, the court finds $ 6,476.79 to be a reasonable calculation.

Finally, Developers Surety asserts that it is entitled to recover $ 8,929.65 in prejudgment interest on the damages award. As this case arises under diversity jurisdiction, "the interest rate should be set by state law." Lewis v. Haskell Co., Inc., 304 F. Supp. 2d 1347, 1351 (M.D. Ala. 2004) (Thompson, J.). In Alabama, where

"no written contract controls the interest rate ... the legal rate of prejudgment interest is 6 % per annum." Burgess Mining and Construction Corp. v. Lees, 440 So. 2d 321, 338 (Ala. 1983).

In the absence of a contractual agreement, utilizing the 6 % rate, Developers Surety contends that, based on a damage award of $ 184,150.60, the accrued interest equals $ 11,049.03 per year or $ 30.27 per day. Two hundred ninety-five days passed between August 20, 2009, when Developers Surety made its final payment on the bond at issue in this case, until the court granted judgment in its favor. Two hundred ninety-five multiplied by $ 30.27 equals $ 8,929.65 in prejudgment interest, which is what Developers Surety requests. "Under the law of this circuit, "[p]re-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully" its. Industrial Risk Insurers v. M.A.N. Gutehoffnunshutte GmbH, 141 F.3d 1434, 1446-47 (11th Cir. 1998) (alteration in original) (quotation

omitted).   Developers Surety's calculated prejudgment
interest award is both proper and fair and compensates it
for the use of  its money prior to this court's judgment.
The request for prejudgment interest in the amount of
$ 8,929.65 will be granted.

***

Accordingly, it is ORDERED as follows:

(1) Plaintiff Developers Surety and Indemnity
Company's motion for attorneys' fees, expenses, costs,
and prejudgment interest (doc. no. 51) is granted.

(2) Plaintiff Developers Surety and Indemnity Company
shall have and recover from defendants Irma and Scott
Brandt the following: attorneys' fees totaling
$ 60,468.36, the additional sum of $ 6,476.79 in
expenses, and the additional sum of $ 8,929.65 in
prejudgment interest.

DONE, this the 16th day of August, 2010.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE